IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIZABETH CASAS,

      Plaintiff,

vs.                                              No. 1:19-CV-01154 KRS

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,[1]

      Defendant.

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER comes before the Court upon Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 25). The Commissioner has no objection to the relief requested by the motion. (*See* Doc. 26). The Court, having considered the motion and the reasonableness of the requested award, finds that the motion is well taken and should be granted.

On January 12, 2021, this Court granted Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 14) and remanded the matter for additional proceedings. (*See* Doc. 21). Thereafter, the Court awarded Plaintiff's counsel Equal Access to Justice Act ("EAJA") fees in the amount of $6,558.30. (*See* Doc. 24). On remand, the Social Security Administration found Plaintiff to be disabled and awarded her approximately $68,339.12 in past-due benefits on or about January 31, 2022. (*See* Doc. 25 Exh. A); (*see also* Doc. 25 Exh. B). The Commissioner withheld $17,084.78—twenty-five percent (25%) of the award—to cover potential attorney fees. (*See* Doc. 25 Exh. B at 3-4). She disbursed $6,000 of these funds to Plaintiff's counsel per the initial fee agreement between counsel and Plaintiff (*see* Doc. 25 at 5), and Plaintiff's counsel

---

[1] The Acting Commissioner is substituted pursuant to FED. R. CIV. P. 25(d).

now seeks authorization from this Court to receive the balance of withheld funds pursuant to a separate contingency agreement.

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart*, 450 F.3d 493, 495 (10th Cir. 2006) (holding that fees may be awarded under 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits"). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934. However, the refund of EAJA fees is offset by any mandatory deductions under the Treasury Offset Program, which may collect delinquent debts owed to federal and state agencies from a claimant's award of past-due benefits. *See* 31 U.S.C. § 3716(c)(3)(B).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding twenty-five percent (25%) of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable. *Id.* at 807. Importantly, there is no presumption that a fee equal to or below the twenty-five percent (25%) cap is reasonable. *Id.* Rather, it is simply a congressionally created "boundary line" and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

To determine reasonableness, courts consider factors including: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. at 808. The Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that Plaintiff's counsel's representation was competent; that Plaintiff's counsel obtained a fully favorable decision (*see* Doc. 25 Exh. A) without delaying the proceedings before this Court; and that the instant motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits. The Court further finds that the requested fee of $11,084.78, when combined with the $6,000 previously disbursed, is no greater than the twenty-five percent (25%) of past-due benefits permitted by Plaintiff's contingency agreement (*see* Doc. 25 Exh. D) and that it is proportionate given the amount of time (30.1 hours) Plaintiff's counsel expended in this case.[2] The Court notes that the requested fee translates to an hourly rate of roughly $567.60 which, while higher than average for fees typically authorized in this District, is nonetheless in line with § 406(b) awards authorized in other cases. *See, e.g.*, *Saavedra v. Saul*, No. 19-cv-644 KRS (D.N.M. Apr. 30, 2021) (hourly rate of $566.66); *Archuleta v. Saul*, No. 17-cv-546 KRS (D.N.M. Nov. 3, 2020) (hourly rate of $577.60); *Torrence v. Saul*, No. 18-cv-934 SCY (D.N.M. Oct. 22, 2020) (hourly rate of $597.61). Having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable.

---

[2] *See generally Leyba v. Berryhill*, No. 17-cv-667 SMV, 2018 WL 3336353, at *2 (D.N.M. July 5, 2018) (quoting *Woodrum v. Colvin*, No. CIV-12-338-SPS, 2014 WL 3396069, at *2 (E.D. Okla. July 9, 2014)) ("In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time.").

3

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for attorney fees under § 406(b) (Doc. 25) is **GRANTED.** The Court hereby authorizes an award of attorney fees in the amount of **$11,084.78** and directs the Commissioner to pay this award directly to Plaintiff's counsel, Michael Armstrong Law Office, LLC, from the amount of past-due benefits withheld for this purpose. Thereupon, as the record does not reflect any mandatory deductions under the Treasury Offset Program, Plaintiff's counsel shall refund to Plaintiff the EAJA award of $6,558.30.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**